## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

VERNITA ALEXANDER,

      Defendant.

_____/

CASE NO. 16-20080

HON. STEPHEN J. MURPHY, III

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY

Defendant Vernita Alexander has moved the Court to modify "[her] current order" in this case; presumably, the Court's order of restitution following her conviction for Theft of Government Funds in violation of Title 18, United States Code, Section 641. The defendant's motion appears to be motivated by the fact that the Social Security Administration (SSA) is withholding 100% of the defendant's retirement benefits. The United States, through its undersigned counsel, hereby responds to the defendant's motion and respectfully asks this Court to deny the motion for the reasons set forth in the attached memorandum of law.

1

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Corinne M. Lambert*
Corinne M. Lambert
Special Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

Dated: November 26, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

VERNITA ALEXANDER,

       Defendant.

_____/

CASE NO. 16-20080

HON. STEPHEN J. MURPHY, III

## UNITED STATES' BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY

## I.    INTRODUCTION

Defendant Vernita Alexander was first charged in February 2016, in a five-count indictment alleging various theft, fraud, and false statements offenses relating to her receipt of Social Security benefits. (ECF No. 1). On June 22, 2016, she pleaded guilty to Count One of the Indictment, Theft of Government Funds, a violation of 18 U.S.C. § 641, pursuant to a Rule 11 plea agreement. (ECF No. 21.) This Court sentenced Alexander on October 21, 2016. As part of her sentence, Alexander was ordered to serve 12 months and 1 day in custody followed by 3 years of supervised release, pay the $100.00 special assessment, and pay $102,148.72 in restitution to the Social Security Administration (SSA). (ECF No.

1

24.)  There is no specific payment schedule set forth in the Judgment, so payment of restitution was due in full immediately.  18 U.S.C. § 3572(d).

Pursuant to the terms of her plea, Alexander agreed to the amount of restitution ordered, waived her right to appeal both her conviction and her sentence, and stated her understanding that her Social Security benefits may be subject to withholding to recover funds she wrongfully converted.  (ECF No. 21, PageID.113, 114, 116.)

Alexander applied for Social Security retirement benefits on her ex-husband's record on or around June 27, 2022.  The SSA approved Alexander's application for benefits and notified her that the full monthly benefit amount will be withheld until her overpayment, *i.e.*, the outstanding balance of the court-ordered restitution, is satisfied.  On September 28, 2022, Alexander contacted the United States Attorney's Office (USAO) for clarification about the 100% withholding notification letter she received from the SSA.  The USAO responded to Alexander on October 12, 2022, and confirmed that under the governing Social Security statutes, 100% of her retirement benefits will be offset and withheld in order to pay down the court-ordered restitution owing in this fraud case.

The SSA continued to withhold Alexander's monthly retirement benefits in full until March 2024, when the amount of withholding was reduced to $50.00 per month.  According to the SSA, the reduction in withholding was the result of an

2

internal agency processing error.  The May 28, 2024 letter from the SSA to which Alexander refers in her motion is a product of that processing error, and the information and overpayment balance contained within are incorrect.  The SSA recognized and corrected this error in July 2024, and resumed the full withholding of Alexander's retirement benefits, in accordance with the Social Security Act, its enabling regulations, and SSA policy.

Rather than pursue her administrative remedies, Alexander has now filed this motion asking the Court to restrain the victim in this case – the Social Security Administration – from recouping the balance of its loss in the manner directed by federal law.

The United States opposes Alexander's motion and respectfully asserts that it should be denied because: (1) the restitution order is final; and (2) the Court is without jurisdiction to modify the mandatory statutory remedies currently being implemented by the Social Security Administration.

## II.     ARGUMENT

### A. The Restitution Judgment is Final

As this Court is aware, a restitution order is a final judgment, and Title 18 United States Code, Section 3664(o) lists the limited circumstances in which such a judgment may be corrected, appealed or modified, amended, or adjusted.  None of these avenues are available here.  First, there is no error in the Judgment, and the

3

time for seeking the correction of any error has nevertheless passed.  *See* Fed. R.

Crim. P. 35(a).  Second, Alexander was sentenced over eight years ago, waived her

right to appeal as part of her plea agreement and did not appeal the Judgment; even

if an appeal were available, at this juncture, such an appeal would be untimely.

*See* Fed. R. App. P. 4(b)(1)(A).  Third, while a restitution order may be amended

pursuant to 18 U.S.C. § 3664(d)(5), that provision is limited to the discovery of

additional losses by victims and does not allow for the reduction in the amount of

restitution imposed at sentencing.  Finally, subsection 3664(o)(1)(D) provides that

the court may adjust the restitution order in certain circumstances, including under

subsection 3664(k), which is not applicable here.

Subsection 3664(k) states that, upon receipt of a notification of a material

change in a defendant's economic circumstances, a court may, on its own motion,

or the motion of any party, adjust the payment schedule in the restitution order as

the interests of justice require.  18 U.S.C. § 3664(k).  Judge Cleland of this District

considered a motion similar to Alexander's in *United States v. Nelson*, No. 03-

80712, 2013 WL 3381436 (E.D. Mich. July 8, 2013), and concluded that because

there was no payment schedule in place, there was nothing for the court to modify.

*Nelson,* 2013 WL 3381436, at *2.  That reasoning applies here as well: pursuant to

the terms of 18 U.S.C. § 3572(d)(1), Alexander was to pay the debt in full

immediately or pursuant to a plan proposed by her probation officer.  (ECF No. 24,

4

PageID.107.)  Alexander had been making installment payments of $25.00 nearly

every month since April 2018; she stopped making those payments in December

2023.  Currently, Alexander is not making voluntary payments on this debt in

accordance with any payment schedule.  The funds at issue herein are being

administratively offset by the victim agency; instead of making payments to

Alexander, the SSA is simply crediting those amounts toward the balance of the

restitution that remains presently due and owing.  Accordingly, there is no basis to

modify the restitution order.[1]

### 2. Because the SSA's Actions are Purely Administrative, the Court Lacks Jurisdiction to Interfere with the SSA's Withholding

The SSA is withholding Alexander's monthly benefit payments pursuant to

its authority under the Social Security Act, and the regulations promulgated

thereunder, to recoup funds wrongfully paid to an individual.

According to the Social Security Act, "[w]henever the Commissioner of

Social Security finds that more or less than the correct amount of payment has

been made to any person under this subchapter, proper adjustment or recovery

shall be made, under regulations prescribed by the Commissioner of Social

Security."  42 U.S.C. § 404(a)(1).

---

[1] The Government would also note that even if the Court were to amend its judgment with respect to the amount of the defendant's monthly restitution payments, any order directed at the SSA would appear to be in direct contradiction to the language of 18 U.S.C.§ 3664(g)(1), which states: "No victim shall be required to participate in any phase of a restitution order."

5

With respect to an overpayment like Alexander's, the Social Security regulations provide as follows:

> If the individual to whom an overpayment was made is at the time of a determination of such overpayment entitled to a monthly benefit or a lump sum under title II of the Act, or at any time thereafter becomes so entitled, no benefit for any month and no lump sum is payable to such individual, except as provided in paragraphs (c) and (d) of this section, until an amount equal to the amount of the overpayment has been withheld or refunded. Such adjustments will be made against any monthly benefit or lump sum under title II of the Act to which such individual is entitled whether payable on the basis of such individual's earnings or the earnings of another individual.

20 C.F.R. § 404.502(a)(1).

Additionally, while paragraphs (c) and (d) of 20 C.F.R. § 404.502 provide for partial withholding to the extent that full withholding would cause financial hardship, partial withholding is *not* available if "the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish material information." 20 C.F.R. § 404.502(c)(2), (d).

 Accordingly, because Alexander's overpayment was the result of her prior fraudulent conduct, the SSA is required to withhold 100% of her monthly retirement benefits to recover the overpayment. Stated differently, withholding anything less than 100% of Alexander's benefits is expressly prohibited by 20 C.F.R. § 404.502(c)(2).

The government is aware of the economic impact that 100% withholding may have on Alexander.  However, the Social Security Act and its corresponding regulations are clear that such an administrative recovery is mandatory in cases of fraud.  Furthermore, the Social Security Act provides the exclusive means for challenging a determination of the Commissioner of Social Security: a civil action pursuant to the provisions of 42 U.S.C. § 405(g).

Ultimately, in cases analogous to this, courts have found that they lack jurisdiction over the SSA and its administrative activities.  *See, e.g., United States v. Legner*, No. 17-cr-20679, 2018 WL 2717223, at *5 (E.D. Mich. June 1, 2018) (Ludington, J.) (court lacked authority to limit the SSA from seeking recoupment of the overpayment to the defendant); *United States v. Strickland*, 2017 U.S. Dist. LEXIS 36024 (Ludington, J.) (citing *Nelson*, *supra*, to find that the Court did not have jurisdiction to decide the motion to modify the judgment regarding payment to the Social Security Administration); *Nelson,* 2013 WL 3381436, at *2 ("the court is without jurisdiction to prevent the SSA from withholding [the defendant's] benefits"); *Tanker v. Comm'r of Soc. Sec.*, No. 1:15 CV 469, 2015 WL 5023024, at *3 (N.D. Ohio Aug. 24, 2015) ("[D]istrict courts in the Sixth Circuit have held that a restitution order from a criminal case does not limit the SSA's statutory or regulatory authority for recovering losses caused by a defendant's wrongful acts."); *United States v. Brown*, Criminal No. 09-116, 2012 WL 75105, at *4 (W.D. Pa.

Jan. 10, 2012) ("This Court lacks jurisdiction to enjoin the Social Security Administration from collecting the overpaid sums pursuant to valid federal regulations and policies."). *Accord United States v. Theede,* No. CR 03-0996-01 PHX-DGC, 2010 WL 653422, at *2 (D. Ariz. Feb. 19, 2010) ("[T]he Court concludes that Defendant has not shown that the off-set efforts are unlawful or that this Court has or should exercise jurisdiction to restrict those off-set efforts."); *United States v. Young,* No. 10-CR-00006-TBR-2, 2012 WL 4023773, at *3 (W.D. Ky. Sept 12, 2012) ("[The defendant] provides no authority to suggest that the SSA's recoupment power is limited to this Court's restitution order in [the defendant's] criminal case, and nothing in the Court's restitution order purported to limit other statutory or regulatory means of recouping losses caused by the defendant's wrongful acts. Therefore, the Court lacks jurisdiction to prevent the SSA from recouping [the defendant's] entire monthly benefit.").

While Alexander's present financial circumstances are indeed unfortunate, there is no remedy available to her in this criminal case. She must first exhaust her administrative remedies with the SSA and, if still unsatisfied, only then may she seek redress in a separate, civil action.

## III.   CONCLUSION

For these reasons, the United States respectfully submits that Alexander's motion must be denied.

8

Respectfully submitted,

DAWN N. ISON
United States Attorney

_s/Corinne M. Lambert_
Corinne M. Lambert
Special Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

Dated: November 26, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2024, I filed the foregoing electronically via the CM/ECF system and mailed a copy via the United States Postal Service to:

Vernita D. Alexander
30919 Gruenburg
Warren, MI 48092

*s/Corinne M. Lambert*
Corinne M. Lambert