UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:16-cr-20080

HONORABLE STEPHEN J. MURPHY, III

v.

VERNITA ALEXANDER,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S**
**<u>MOTION TO MODIFY RESTITUTION [31]</u>**

Defendant Vernita Alexander owes the Social Security Administration tens of thousands of dollars in restitution. ECF 24, PgID 108. She requested a reduction in her monthly restitution payments to $50, and the government opposed her request. ECF 31, 38. For the reasons discussed below, the Court will deny the motion.

**BACKGROUND**

Defendant Vernita Alexander pleaded guilty under a Rule 11 plea agreement to theft of government funds. *See* 18 U.S.C. § 641; ECF 21, 24. In her plea agreement, she stipulated that she "knowingly and intentionally concealed that she was able to work and was gainfully employed under an alternate identity." ECF 21, PgID 111. The Court ordered Alexander to pay $102,148.72 in restitution to the Social Security Administration, and the Court did not include a payment schedule. *See* ECF 24, PgID 108. In her plea agreement, Alexander agreed to the restitution amount and

1

acknowledged that any social security benefits that she might be eligible for could be subject to withholding to recover the funds that she stole. ECF 21, PgID 113, 116.

The government averred that the Social Security Administration withheld Alexander's benefits to recover the funds ever since it approved her application in June 2022. ECF 38, PgID 209. In October 2022, in response to a query from Alexander, the United States Attorney's Office explained that the Administration would withhold all of her benefits until the restitution was fully repaid pursuant to Administration regulations. *Id.*

In May 2024, however, Alexander received a letter from the Administration that stated that she would begin receiving more of her benefits and listed $15,325 as her overpayment—that is, the amount that she still owed the Administration. ECF 31, PgID 178; ECF 38, PgID 209–10. The government later averred that the letter was made in error. ECF 38, PgID 210. Another letter followed, and the Administration clarified that it would continue withholding Alexander's benefits and that her overpayment was $74,782.41. ECF 31, PgID 178; ECF 38, PgID 209–10.

Alexander asked this Court to reduce her monthly restitution payment to $50 because she is unable to work and noted in her motion that she was confused by the Administration's letters.  ECF 31.

## DISCUSSION

The Court will deny the motion for two reasons: (1) there is no basis to modify the amount of restitution, and (2) the Court lacks the authority to order noncompliance with Social Security regulations.

2

I.       Amending a Restitution Order

"[O]nce a restitution order has been established, it cannot be amended absent a showing of one of the factors in § 3664(o)." *United States v. Nelson*, No. 03-80712, 2013 WL 3381436, at *1 (E.D. Mich. July 8, 2013) (footnote omitted). Section 3664(o) provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
> (1) such a sentence can subsequently be—
>     (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>     (B) appealed and modified under section 3742;
>     (C) amended under subsection (d)(5); or
>     (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

None of those situations applies here.

First, Alexander identified no "error" in the judgment under Federal Rule of Criminal Procedure 35, and even if she had, the time to move for such a correction has elapsed. Fed. R. Civ. P. 35(a). Second, § 3742 relates to appeals from sentences, and Alexander does not purport to "appeal" her sentence. Third, none of §§ 3664(d)(5), 3572, and 3613A apply because they address, respectively, cases where the amount of harm is unascertained, the modifying payments of fines, and what happens when a restitution obligor defaults on her payments.

Lastly, although § 3664(k) does not allow the Court to adjust the restitution amount, it does authorize the Court to modify the payment schedule of a restitution order. *See Nelson*, 2013 WL 3381436, at *2. But Alexander's judgment does not contain a payment schedule, and 18 U.S.C. § 3572(d)(1) notes that unless the Court

3

includes a payment schedule, restitution is due immediately. The full restitution became due at the time of judgment, and without a payment schedule, the Court has nothing to modify. *See Nelson*, 2013 WL 3381436, at *2.

II.     Social Security Regulations

When an individual has been "overpaid"—that is, paid more in social security benefits than they were entitled to—the Administration can demand repayment or withhold benefits in an amount equal to the overpayment. 42 U.S.C. § 404(a)(1)(A). That is true regardless of whether a restitution order is in place. *Nelson*, 2013 WL 3381436, at *2; *United States v. Young*, No. 10-cr-00006, 2012 WL 4023773, at *3 (W.D. Ky. Sept. 12, 2012); *United States v. Brown*, No. 09–116, 2012 WL 75105, at *3 (W.D. Pa. Jan. 10, 2012).

And although the Administration retains some discretion to adjust the amount of the withholding in view of hardship to the obligor, it has no discretion when the overpayment was caused by the obligor's "intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information." 42 C.F.R. § 404.502(c)(1)–(2). In that case, the Administration must withhold all benefits until the overpayment balance is paid. *Id.* § 404.502(a)(1), (c)(2); *Nelson*, 2013 WL 3381436, at *2. Because Alexander's offense of theft of public money was the result of her fraudulently concealing material information to receive benefits, *see* ECF 21, PgID 111, the Administration cannot adjust her payment and must

4

withhold the full amount.[1] *Nelson*, 2013 WL 3381436, at *2. The Court has no basis on which to interfere with the Administration's compliance with its own regulations, and Alexander did not challenge those regulations.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Alexander's Motion to Modify [31] is **DENIED**.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: January 2, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 2, 2025, by electronic and/or ordinary mail.

                                                  s/ R. Loury
                                                  Case Manager

---

[1] Even if it were otherwise, adjustment in the first instance is a matter for the Administration, and Alexander has not exhausted her administrative remedies there. *See Brown*, 2012 WL 75105, at *3.